UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO <u>ex</u> <u>rel</u>.                    :
   RUSSELL L. JACKSON, JR.,            :    NO. 1:03-CV-00355
                           :    NO. 1:04-CV-00240
        Plaintiff,                      :
                           :    **ORDER**
                           :
   v.                                  :
                           :
                           :
HAMILTON COUNTY BOARD                   :
   OF COUNTY COMMISSIONERS,            :
                           :
        Defendant.                      :

On March 29, 2004, Plaintiff/Relator Russell L. Jackson, Jr. ("Jackson") filed suit against the Hamilton County Board of County Commissioners ("Board") in the Hamilton County Court of Common Pleas, contending that the Board, now Plaintiffs in the lead case of <u>Davis v. National Football League, et al</u>., Case No. 1:03-CV-00355, action, should be barred under state law from hiring the law firms of Waite, Schneider, Bayless & Chesley Co., L.P.A. and Furnier & Thomas, L.L.C. (collectively, "the Firms") to represent it in that case. On April 1, 2004, the Board removed the case to this Court (doc. 1) and sought to have it consolidated with the <u>Davis</u> case, which has since occurred (doc. 15). A number of motions have been filed in this case, including motions to remand (docs. 2, 3), a motion to dismiss (doc. 9), and a motion of the Hamilton County Prosecutor to intervene in the action (doc. 10). Jackson has also filed an Amended Complaint (doc. 17), and the Board has filed a corresponding motion to strike this filing (doc.

19).   All of these motions - save the last motion - have been fully briefed by the parties, and, given the Court's disposition of the matters before it, renders all of them ripe for decision.  For the following reasons, Plaintiff's motion to remand (doc. 3) will be granted, and all the remaining motions will be denied as moot.

**I.   THE COMPLAINT'S ALLEGATIONS AND RELEVANT PROCEDURAL HISTORY**

In the lead <u>Davis</u> case, the Board[1] claims that the National Football League ("NFL"), the Cincinnati Bengals, and the other member teams of the NFL unlawfully wielded the monopoly they enjoy over professional football in the United States to obtain unconscionable leases and other commercial arrangements from each team's respective host city, in violation of federal and state antitrust laws.  In seeking to join the suit, the Board contracted with the Firms to represent it in the case; the latter was already counsel of record on behalf of Plaintiff/Relator Carrie Davis, while the former was to be new to the case.  Specifically, the Board adopted a resolution on March 10, 2004 to retain these two firms pursuant to Ohio Rev. Code § 309.09(C), under an agreement that they would be paid "on a contingency basis, with a cap on costs" (doc. 1).

_____

[1] Carrie Davis, a Hamilton County taxpayer, was the Plaintiff/Relator in the underlying <u>Davis</u> action.  However, by an Order of this same day, the Court has granted her request for leave to substitute the Board as Plaintiff in the underlying action.  Accordingly, the Court will refer to the Board as the Plaintiff in the <u>Davis</u> action.

-2-

Jackson contended that this proposed agreement would violate numerous state law provisions, including Ohio Rev. Code § 309.09(C) requirement that "the compensation to be paid for the legal services [contracted under this provision] shall be fixed."[2] Ultimately, Jackson filed suit, contending "[o]n information and belief" that "the Board has now entered into a contract which violates Ohio law in several respects," including that (1) it is contingent, rather than fixed; (2) it exceeds the yearly salary of the Hamilton County Prosecutor; and (3) it provides that the retained firms will receive a multiplied hourly rate if the Davis lawsuit is resolved without monetary recovery or prematurely terminated (Id.). He seeks a declaratory judgment that the resolution and the assumed contingent fee contract violates Ohio law and associated injunctive relief to enjoin execution of the illegal contract.[3] Nowhere does the Complaint raise a federal

_____

[2] The Ohio statute also requires a taxpayer to satisfy a number of procedural prerequisites before bringing suit on the State's behalf, including making a prior demand of the county prosecutor to bring the suit. Although some of the procedural history with respect to this demand is at issue with respect to the Hamilton County Prosecutor's motion to intervene in this case (doc. 10), they are not germane to the motion to remand.

[3] The Plaintiff has since filed an Amended Complaint (doc. 17), and the Hamilton County Prosecutor has filed a proposed Intervenor Complaint as an exhibit to its motion to intervene (doc. 10). The parties have also alerted the Court as to a number of subsequent events that may change slightly the factual allegations still at issue in the case and/or the nature of the claims existing in the suit. For example, the Board received approval from the Hamilton County Court of Common Pleas to retain them pursuant to a different provision of the Ohio Revised Code,

cause of action, and no argument has been made that diversity exists between the parties.

## II. MOTION TO REMAND

In his motion to remand, Jackson[4] contends that this Court lacks subject matter jurisdiction over the instant dispute. Accordingly, he avers that the matter was improperly removed and that it should be remanded to the Hamilton County Court of Common Pleas pursuant to 28 U.S.C. § 1447. He also seeks, pursuant to 28 U.S.C. § 1447(c), an award of fees and costs he incurred as a result of the wrongful removal and his subsequent efforts to secure remand. The Court will address each seriatim.

Federal courts are undeniably courts of limited jurisdiction. See, e.g., Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604, 606 (6th Cir. 1998). When jurisdiction is placed at issue, the burden of proving this Court's jurisdiction lies with the party seeking to invoke it. See Kokkonen v. Guardian

---

removing the Hamilton County Prosecutor's annual salary as a fee cap for the representation. It is undisputed, however, that all of the claims articulated by the Plaintiff in this case are rooted entirely in state law. As the Court has not yet granted the Hamilton County Prosecutor leave to intervene in this case, the claims advanced in his proffered Intervenor Complaint need not now be considered by the Court.

[4] As previously noted, the Hamilton County Prosecutor also filed a motion to remand (doc. 2). Again, however, the Hamilton County Prosecutor has not yet been granted leave to intervene, and this motion is therefore not properly before the Court.

-4-

Life Ins. Co. Of America, 511 U.S. 375, 377 (1994).  The Board
contends that removal of the instant case was proper pursuant to 28
U.S.C. § 1441(b), which vests the court with removal jurisdiction
over cases involving federal questions.  It provides, in relevant
part:

> **(b)** Any civil action of which the district
> courts have original jurisdiction founded on a
> claim or right arising under the Constitution,
> treaties or laws of the United States shall be
> removable without regard to the citizenship or
> residence of the parties....

28 U.S.C. § 1441(b)(emphasis in original).  The Board advances
three largely independent bases purportedly presented by the
instant suit that, it contends, establish this Court's jurisdiction
over this matter.  First, the Board avers that the Complaint
alleges "a federal statutory cause of action" and that,
accordingly, this Court enjoys jurisdiction under this provision
and 28 U.S.C. § 1331 (doc. 7).  Second, it claims that the
determination of attorneys' fees  awardable to the Firms in this
case will largely be determined by the provisions of the federal
antitrust laws at issue,[5] and, therefore, will be the province of

---

[5] In support, the Board cites to the fee provision of the
Clayton Act, which provides, again in relevant part:

> (a) Amount of recovery; prejudgment interest
> Except as provided in subsection (b) of this
> section, any person who shall be injured in
> his business or property by reason of
> anything forbidden in the antitrust laws may
> sue therefor in any district court of the
> United States in the district in which the

this Court. Accordingly, the Board argues, the state law representation contract issues are in reality of federal character, providing for removal jurisdiction. Finally, the Board contends that, in any case, these purportedly state law claims fall within this Court's supplemental jurisdiction because they involve the same facts at issue in the Davis lawsuit. The Plaintiff, seeking remand pursuant to 28 U.S.C. § 1447,[6] contends that all of these are baseless and that this Court utterly lacks subject matter

---

> defendant resides or is found or has an
> agent, without respect to the amount in
> controversy, and shall recover threefold the
> damages by him sustained, and the cost of
> suit, including a reasonable attorney's
> fee...

15 U.S.C. 15(a)(emphasis added).

[6] Title 28 U.S.C. § 1447 provides the general contours of the obligations and rights that district courts enjoy with respect to removed cases, including the procedures governing remand. Subsection (c) of this statute provides, in relevant part:

> **(c)** A motion to remand the case on the basis
> of any defect other than lack of subject
> matter jurisdiction must be made within 30
> days after the filing of the notice of
> removal under section 1446(a). If at any time
> before final judgment it appears that the
> district court lacks subject matter
> jurisdiction, the case shall be remanded. An
> order remanding the case may require payment
> of just costs and any actual expenses,
> including attorney fees, incurred as a result
> of the removal....

28 U.S.C. § 1447(c)(emphasis in original).

-6-

jurisdiction over any of the claims at issue. The Court will consider each in turn.

The Board's first argument borders on frivolity. In determining whether a federal cause of action is raised in the instant suit for removal purposes, the Court examines the allegations of the Plaintiff's "well-pleaded complaint" to determine whether, on its face, it "raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987); Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995). "[T]he plaintiff is the master of the complaint,...and...the plaintiff may, eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar, 482 U.S. at 398.

While the Complaint does mention a case involving a "federal statutory cause of action," it unmistakably refers to the antitrust claims at issue in the underlying Davis case. In arguing for remand, the Plaintiff properly notes that the Complaint, on its face, merely raises state law claims; it disputes the legality of a legal employment contract under state statute and the Ohio Code of Professional Responsibility. The Complaint itself does not advance any federal causes of action, either directly or indirectly. Accordingly, this passing reference to the Davis case in no way invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

-7-

The Board's second argument is similarly baseless. While complete preemption can indeed provide for removal jurisdiction, see, e.g., Caterpillar, 482 U.S. at 393, Strong v. Telectronics Pacing Systems, Inc., 78 F.3d 256, 259 (6th Cir. 1996), such statutes are very few in number. See, e.g., Avco v. Aero Lodge No. 735, 390 U.S. 557 (1968)(holding § 301 of the Labor Management Relations Act preempts state law); Metropolitan Life, 481 U.S. at 58 (holding § 501(a)(1)(B) of the Employee Retirement Income and Security Act preempts state law). To be sure, this Court – assuming that the Board is successful in its litigation against the Davis defendants – may be required to award it attorneys' fees incurred in the instant action. That issue is, indeed, "within the exclusive province" of this Court (doc. 7). However, the Board's attempts to bootstrap the instant state law contract and legal representations issues to the federal claims properly before this Court in Davis are simply untenable, and the sole case the Board cites in support does not even facially support this proposition. The fee provision provided for by the federal antitrust laws in no way "preempt" state law fee agreements or professional obligations; were this so, then any fee arrangement in a case presenting a federal statute or cause of action that also contained a fee-shifting provision would essentially be preempted. There is not even the faintest evidence that Congress intended to preempt state contract and professional responsibility law completely by

-8-

including the fee-shifting provision in the federal antitrust statues, and the Court could not find a single case that even remotely recognized such a possibility. See, e.g., Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1 (1983); Strong, 78 F.3d at 259 (noting that the complete preemption doctrine only applies "when Congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law"). The Court has little difficulty rejecting this contention in support of jurisdiction as well.

Finally, the Board contends that the fee contracts and representation agreements at issue nonetheless invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Given that the contracts at issue in this case relate to the Board's representation in the Davis case, the Board insists that the state law contract claims "are so related to claims in the" Davis case that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Supreme Court, however, long ago established the fundamental test for determining whether a particular state law claim is properly considered within this Court's supplemental jurisdiction:

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority, and the relationship between that claim and the state

claim permits the conclusion that the entire
action before the court comprises but one
constitutional case. The federal claim must
have substance sufficient to confer subject
matter jurisdiction on the court. <u>The state
and federal claims must derive from a common
nucleus of operative fact</u>.

<u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 725
(1966)(emphasis added)(internal quotation marks and citations
omitted); <u>see also</u>, <u>e.g.</u>, <u>Grimes v. Mazda North American
Operations</u>, 355 F.3d 566, 572 (6th Cir. 2004); <u>Transcontinental
Leasing, Inc. v. Michigan Nat. Bank of Detroit</u>, 738 F.2d 163, 165-
66 (6th Cir. 1984).  While the representation agreement might have
in some sense grown out of the alleged illegalities at issue in the
<u>Davis</u> case, the basis for the claims in this case and those at
issue in <u>Davis</u> simply rely upon different facts, occurring at very
different times and raising completely different issues of law.
The instant claims simply do not fall within the scope of this
Court's supplemental jurisdiction.

Title 28 U.S.C. § 1447(c) mandates that, "[i]f at any
time before final judgment it appears that the district court
lacks subject matter jurisdiction, the case shall be remanded."
Upon review, Jackson's claims simply do not fall within this
Court's original or supplemental jurisdiction; accordingly, the
Court finds Jackson's motion to remand well founded, and it will
be granted.

The only matter that remains with respect to this

-10-

motion is whether the Court should grant the Plaintiff's motion for attorneys' fees incurred in obtaining remand of the instant case. Although the Court ultimately agrees with the Plaintiff that removal was improper, it finds that, in light of the entire procedural background of this case and the associated litigation, it was not sufficiently abusive of the judicial process so as to justify an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c).

**III. REMAINING MOTIONS**

In light of this Court's decision determination that it lacks subject matter jurisdiction over the instant case and that it must therefore remand it to state court, it is both unnecessary and improper for the Court to reach any of the remaining pending motions. All will remain, to the extent proper, for decision by the state court.

**IV. CONCLUSION**

For the foregoing reasons, Relator Russell L. Jackson's Motion to Remand (doc. 3) is GRANTED. Pursuant to 28 U.S.C. § 1447, this case is hereby REMANDED to the Hamilton County Court of Common Pleas. All other pending motions (docs. 2, 9, 10, and 19) remain for decision by the Hamilton County Court of Common Pleas.

SO ORDERED.

Dated: July 12, 2004        /s/ S. Arthur Spiegel

S. Arthur Spiegel
United States Senior District Judge